# IN THE COURT OF APPEALS OF IOWA

No. 14-1980
Filed February 11, 2015

**IN THE INTEREST OF Z.S.,**
**Minor Child,**

**S.S., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Marion County, Steven Guiter, District Associate Judge.

The father appeals the termination of his parental rights to his son, Z.S. **AFFIRMED.**

Dawn M. Bowman of Bowman Law Office, Pleasantville, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, and Edward W. Bull, County Attorney, for appellee state.

William Sales of Sales Law Firm, P.C., Des Moines, attorney and guardian ad litem for minor child.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, P.J.**

The father appeals the termination of his parental rights to his son, Z.S. He asserts the State failed to prove by clear and convincing evidence his rights should be terminated pursuant to Iowa Code section 232.116(1)(h) (2013), and termination is not in the best interest of Z.S. We conclude that, due to the father's incarceration the juvenile court properly terminated his rights under paragraph (h). Furthermore, it is important that Z.S. achieves stability, particularly given his young age. Consequently, termination is in Z.S.'s best interest, and we affirm the order of the juvenile court.

Z.S., born February 2013, first came to the attention of the Department of Human Services due to the mother's methamphetamine use and mental health issues. After the mother consented, Z.S. was removed from the home on July 15, 2013, and placed in family foster care. The father was convicted of domestic abuse, with the mother as the victim, and was incarcerated on April 23, 2013.

The father remained incarcerated throughout the pendency of these proceedings. In its findings of fact, the juvenile court noted that as of the date of the order the father was on work release, and, according to his counselor, was adjusting well to the minimum custody environment. The father also completed a domestic violence course during his incarceration. However, he admitted he had a substance abuse problem but never received treatment. He further stated he was diagnosed with bipolar disorder, an anxiety disorder, and posttraumatic stress disorder, but has not received counseling for these mental health issues, nor is he taking medication to stabilize mood or reduce anxiety.

The State filed a petition to terminate the father's parental rights on July 7, 2014, citing his incarceration and lack of a relationship with Z.S. A hearing was held, and on November 13, 2014, the juvenile court issued an order terminating the father's parental rights pursuant to Iowa Code section 232.116(1)(h). The father appeals.[1]

We review termination proceedings de novo. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The grounds for termination must be proved by clear and convincing evidence. *Id.* Our primary concern is the child's best interest. *Id.* To terminate the father's rights under Iowa Code section 232.116(1)(h), the State must prove the child is three years of age or younger, has been adjudicated a child in need of assistance, has been removed from the home for six of the last twelve months, and cannot be returned to the father's care.

We agree with the juvenile court the State proved by clear and convincing evidence grounds to terminate under paragraph (h). The father was incarcerated at the time of the termination hearing and had yet to complete the terms of his sentence. While he made progress in completing the domestic violence course, he failed to address his substance abuse and mental health issues. Moreover, he has no relationship with Z.S., who he has not seen since Z.S. was two months old; nor can he rely on his incarceration as a justification for the lack of a relationship with his child. *See In re M.M.S.*, 502 N.W.2d 4, 8 (Iowa 1993). We therefore conclude the juvenile court properly terminated the father's parental rights under paragraph (h).

---

[1] The juvenile court also terminated the mother's parental rights; however, she does not appeal.

Additionally, termination is in Z.S.'s best interests. The father has not seen his son since April 2013, and he admits he is only ready to progress to visits, as opposed to wanting to care for Z.S. full time. This indicates he would not be able to parent Z.S. within any sort of reasonable time period, and granting him an additional six months to work towards reunification would not serve Z.S.'s best interests. "We have repeatedly followed the principle that the statutory time line must be followed and children should not be forced to wait for their parent to grow up." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998); *see also* Iowa Code § 232.116(2). Z.S. is doing well in foster care, and the foster parents have indicated a desire to adopt him; clearly, delaying stability in his life until his father is released from prison, addresses his substance abuse issues, and establishes a relationship with Z.S. is not in Z.S.'s best interests. Consequently, the juvenile court properly terminated the father's parental rights, and we affirm.

**AFFIRMED.**